

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 28, 1939

Mr. I. J. Burns
County Attorney
McCulloch County
Brady, Texas

Dear Sir:

Opinion No. 0-472
Re: Refunding by the county of motor
vehicle registration fees.

With further reference to your letter and
brief of March 8th, kindly be advised that this Depart-
ment has considered your request for an opinion as con-
tained therein. We wish to thank you for the able
brief which you submitted and same has been of consi-
derable help to us upon the questions involved.

According to the facts as appearing from
your brief, the Brady Freight Lines, a trucking concern,
at the beginning of the current year for registration
of their trucks, paid license fees on each truck and
were issued plates in Zapata County, Texas. Permit us
to quote from your brief the following as to additional
facts:

"After the date of such registration
and at the instance of the State Highway
Patrol, this trucking concern by and through
its representative, C. B. Whitehead, of Brady,
and on October 10, 1938, re-registered these
twenty-one trucks with the Tax Collector of
McCulloch County, Texas, a county through which
the common carrier route extended, paying for
a full years registration on each truck and an
additional 20% penalty for having failed to
register such trucks within the time provided
by law.

"'Mr. Whitehead is now demanding the return of all registration fees paid in McCulloch County, less the 20% penalty. The Brady Freight Lines' permit does not extend into Zapata County and has never extended into such county.'"

Based upon the above facts, you request an opinion of this Department as follows:

"Please advise me whether or not the Commissioners' Court of McCulloch County is authorized by law to refund the license fees so paid on October 10, 1938, to the Brady Freight Lines, less the 20% penalty. If the Commissioners' Court of McCulloch County is not authorized to refund such payments, then what is their duty in the premises?"

Article 6675a-2 reads, in part, as follows:

"Every owner of a motor vehicle, trailer, or semi-trailer used or to be used upon the public highways of this State, and each chauffeur, shall apply each year to the State Highway Department through the County Tax Collector of the County in which he resides for the registration of each such vehicle owned or controlled by him, or for a chauffeur's license, for the ensuing or current calendar year or unexpired portion thereof;"

Article 6686, Section (e) reads as follows:

"(e) All registration fees shall be paid in the county in which the owner lives at the time of registration of said motor vehicle."

In the case of Opp vs. State, 94 SW (2nd) 180, Judge Lattimore in writing the opinion of the Court of Criminal Appeals held that Article 6675a-2 requires motor vehicle owners to register their vehicles in the county of the owners' residence, citing Miller et al vs. Foard

County et al, 59 SW (2nd) 277 and Cass County vs. Morris County, 9 SW (2nd) 373.

Assuming the Brady Freight Lines a corporation owning the trucks in question and its legal residence or corporate domicile to be in Bexar County, it appears that the only point necessary to consider is whether or not the payment of the fees in question in McCulloch County was voluntary or involuntary, as under the circumstances disclosed they were illegal and their payment in McCulloch County being unauthorized.

Based upon the facts as disclosed and circumstances surrounding their payment, we may assume the license fees in question were voluntarily paid and we are unable to find any law, statutory or otherwise, which would authorize the Commissioners' Court to refund an illegal tax under such circumstances voluntarily paid. 26 R. C. L., 455, para. 411; 61 C. J. 985, para. 1263; Austin National Bank vs. Sheppard, 71 SW (2nd) 242, and Corsicana Cotton Mills vs. Sheppard, companion case, page 247, and authorities cited therein.

It is, therefore, the opinion of this Department that if illegal motor vehicle registration fees are voluntarily paid to a county tax collector that after the same are deposited in the county depository, the Commissioners' Court is unauthorized to refund such payments. Such tax collections are to be placed in the county Road and Bridge Fund and there used for such authorized purposes, the same as to the registration fees legally paid.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED:

FIRST ASSISTANT ATTORNEY GENERAL